IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| Alkane Midstream LLC ., | § | |
|    *Plaintiff,* | § | |
| v. | § | |
| | § | |
| Palmer Johnson Power Systems LLC | § | Civil Action No. 7:25-cv-214 |
| d/b/a Alterra Systems and Mesa | § | |
| Natural Gas Solutions, LLC, | § | |
|    *Defendants*. | § | |

## PLAINTIFF ALKANE MIDSTREAM LLC'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Alkane Midstream LLC ("Plaintiff" or "Alkane") brings this Complaint against Defendants Palmer Johnson Power Systems, LLC d/b/a Alterra Power Systems ("Alterra") and Mesa Natural Gas Solutions, LLC ("Mesa") and respectfully states as follows:

### I. SUMMARY

1. This lawsuit arises from a calculated fraud in the sale of high-dollar industrial generators. Defendants deliberately misrepresented the condition, performance history, and reliability of their Mesa 390kW Natural Gas Generator Set with the GV22PU Engine (the "Generator") in order to induce Alkane's purchase. Among other material misstatements, Defendants assured Alkane that the Generators had undergone extensive real-world testing and had been successfully deployed in the field—claims that were false at the time they were made.

2.  In reality, the Generators suffered from systemic and catastrophic defects that rendered them unfit for commercial use. These were not isolated malfunctions, but endemic failures that emerged almost immediately upon deployment—failures that could not have escaped detection by Defendants had any meaningful testing occurred. Alkane's reliance on Defendants' knowingly false assurances has resulted in millions of dollars in losses, including the purchase cost of the inoperable units, lost revenues, reputational harm, and ongoing operational disruption.

3.  This lawsuit seeks to hold Defendants accountable for their deception, to unwind the fraudulent transaction, and to recover the damages Alkane has suffered as a direct result of Defendants' misconduct.

## II. PARTIES

4.  Defendant Palmer Johnson Power Systems, LLC d/b/a Alterra Power Systems ("Alterra") is a Wisconsin limited liability corporation. On information and belief, all of Alterra's members are citizens of Wisconsin. It may be served via its Texas registered agent, Incorp Services, Inc. at 815 Brazos St., Ste 500, Austin, Texas 78701.

5.  Mesa Natural Gas Solutions, LLC ("Mesa") is a limited liability corporation incorporated in Delaware with its principal place of business in Loveland, Colorado. On information and belief, all of Mesa's members are citizens of Colorado. It may

be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6. Plaintiff Alkane is a domestic limited liability corporation incorporated in Delaware with its principal place of business in Minnesota that operates in the natural gas industry throughout Texas. Alkane's sole member is a citizen of Minnesota.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

8. The Court has personal jurisdiction over both Defendants because the acts and omissions giving rise to this dispute occurred in Texas and involved goods that were delivered, deployed, and failed in Texas. Alterra and Mesa both conduct substantial and continuous business in the state, including active marketing, sales, and support of generators throughout the Permian Basin. The Court has personal jurisdiction over Defendants Alterra and Mesa because this lawsuit relates to defective units of the New Mesa 390kW Natural Gas Generator Set with the GV22PU Engine ("Generator") that Alterra and Mesa delivered directly to Texas or knew would be delivered for use in Texas. This lawsuit relates to 19 Generators, 13 of which remain in Texas today, where they are inoperable due to defects that form the basis of

Alkane's claims against Defendants. The 13 Generators remain at Alkane's yard in Gaines County, Texas.

9. On information and belief, Alterra maintains a warehouse with inventory in Texas at 608 112th St, Arlington Texas 76011.[1] Alterra publicly advertises that it sells such generators "[f]rom North Dakota to South Texas."[2] Likewise, Mesa advertises it works throughout the Permian Basin in Texas and maintains operations at nine different locations across Texas, including at Big Spring, Fort Stockton, and Midland, Texas. It also advertises its operations at various Texas cities including Bryan, Center, Dilley, La Vernia, Pecos, San Antonio, and Pleasanton, Texas.[3] Therefore, Alterra and Mesa have purposefully availed themselves of the benefits and protections of the laws of the State of Texas.

10. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here. Moreover, most of the Generators, the property that is the subject of this action, are located within this district. *See* 28 U.S. Code § 1391(b)(2).

---

[1] https://www.pjpower.com/dallas
[2] https://www.alterrapower.com/mesa-natural-gas-solutions
[3] https://247mesa.com/about-us/

# FACTUAL BACKGROUND

## Alkane's Business and the Defendants' Sales Pitch

11. Alkane specializes in converting well-site gas into usable electricity in remote oilfield operations. In doing so, Alkane depends on robust, reliable generator systems that can endure harsh field conditions without failure.

12. Defendant Mesa manufactures and sells power solutions, including the Generator. In 2024, Mesa began selling the Generator. Defendant Alterra holds itself out as "North America's premier high horsepower genset distributor." Alterra further describes itself as Mesa's partner and distributor to sell Mesa generators to end users and provide support to customers after purchase.

13. In early 2024, Alterra approached Alkane with an aggressive sales pitch for the Generator. Knowing that Alkane avoids unproven technology, Alterra falsely assured Alkane that the Generator had undergone more than a year of rigorous field testing and was already performing reliably in customer deployments. Mesa, in its public marketing, made similar claims, stating that the product line had logged "millions of operating hours" and was extensively validated.

14. These representations were not only false but intended to disarm Alkane's concerns and induce a multi-million-dollar sale. Relying on those claims, Alkane

purchased 19 Generators[4] for $5,680,525, and invested further in transportation, insurance, training, and certification related to the purchase of the Generators.

**Systemic Failures Immediately Follow Delivery**

15. Alkane took delivery of the Generators in August 2024. Upon delivery, a plethora of quality issues were discovered with the Generators. Within weeks, every single Generator suffered from mechanical or electrical failures. These included but were not limited to: stripped tensioner rods, failed turbochargers, fouled catalysts, ECM programming errors, O2 sensor failures, oil-flooded combustion chambers, and scoring from metal debris in the intake manifold.

16. The widespread nature of these failures demonstrates not random error, but fundamental flaws in design, assembly, and quality control. Contrary to Mesa's claims, these units had not been vetted through real-world usage.

17. Alkane immediately notified Alterra and, later, Mesa. Despite repeated attempts to coordinate repairs, Defendants delayed responses, concealed findings, and produced only redacted service reports. Internal admissions confirmed the problem was not isolated: Alterra's own representative told Alkane that other customers were facing similar breakdowns.

---

[4] A 20th generator was totaled in an automobile wreck during transport to Texas.

18. In December 2024, Mesa belatedly acknowledged "performance issues" and a defect in the O2 sensor control logic but continued to mischaracterize the failures as limited in scope. On information and belief, Mesa's internal service data will confirm that the defects were systemic and known prior to Alkane's purchase.

## COUNT I- FRAUDULUMENT INDUCEMENT – ALTERRA & MESA

19. Alterra and Mesa knowingly made false representations concerning the Generator's testing, reliability, and performance history to induce Alkane's reliance and purchase. These misrepresentations, outlined above, were material, false, and made with intent to deceive outlined above, Alterra and Mesa made fraudulent misrepresentations to Alkane about the Generators to ensure a sale. Specifically, Defendants misrepresented to Alkane that the Generator was vigorously tested to ensure it was free of defects and that it was field tested by other customers. Defendants knew these statements were materially false or made recklessly without knowledge of their truth.  Defendants intended to induce Alkane to purchase the Generators based on such representations. Alkane actually and justifiably relied on Defendants' representations, unaware of such statements' falsity, to its detriment. As a result, Alkane suffered damages, including the initial purchase of the Generators.

20. Alkane justifiably relied on these assurances, unaware of their falsity. The fraud resulted in substantial economic harm, including the initial purchase price and consequential damages.

21. Alkane seeks rescission of the Generator sale and full compensatory damages.

**COUNT II— BREACH OF IMPLIED WARRANTY – ALTERRA & MESA**

22. An implied warranty that the goods were merchantable arose by operation of law as part of the sale. Mesa and Alterra as manufacturer and distributor breached the implied warranty of merchantability in that the goods, the Generators, were not in merchantable condition when sold or at any time thereafter and were not fit for the ordinary purposes for which such goods are used in that they suffered defects, including, but not limited to: installed components, defective vaporizers, contaminated combustion systems, engine scoring, sensor failures, and widespread electrical and mechanical breakdowns. Discovery is likely to reveal further defects and details about such defects.

23. These were not one-off anomalies, but systemic flaws present at the time of sale. Alkane used the Generators as intended but was unable to deploy them in the field, resulting in damages including, sales purchase, lost income, contract disruptions, and significant remediation costs.

**DEMAND FOR JURY TRIAL**

24. Plainitff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alkane Midstream LLC respectfully prays that the Court enters judgment in its favor and award:

- Recission of the purchase of the Generators;
- Compensatory damages related to the purchase of the Generators;
- Consequential and incidental damages;
- Pre- and post-judgment interest as allowed by law
- Costs of court; and
- Such other and further relief to which Alkane is entitled or which this as the Court deems just and proper.

Date: May 7, 2025

/s/ *Jeff Parks*
Jeffrey D. Parks
Texas State Bar No. 24076607
parks@fsclaw.com

FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400 – phone
(817) 334-0401 – fax